EARLE v McCARTNEY et al.

(Circuit Court, E. D. Pennsylvania. December 23, 1901.)

No. 6

DECREE—MODIFICATION AT SUBSEQUENT TERM—CHANGING TERMS OF SALE.

    Where a court has decreed the sale by a master of certain corporate stock on terms stated, it will not, at a subsequent term, direct the insertion in the advertisement of a provision that the purchaser shall not have the right to vote the stock until it is fully paid for, which would be, in effect, an amendment of the decree; at least unless special considerations require it.

In Equity. On motions relating to order of sale.
See 109 Fed. 13.

Asa W. Waters, Charles Biddle, and John G Johnson, for complainant.

A. S. L. Shields, J. H Gendell, and Geo. Tucker Bispham, for respondents.

J. B. McPHERSON, District Judge. I have been asked to state my opinion informally upon two points concerning the proposed sale of certain stock and bonds of the Record Publishing Company under the decree of August 22, 1901, in order that the action of the master may in these particulars be guided by the directions of the court.

1. Concerning the time of sale: Considering the facts that an advertisement of 12 weeks is required by the decree, and that the appeal which has been taken can be heard, and no doubt will be heard, at the term of the circuit court of appeals that begins on the first Tuesday of March, I think that the day of sale ought not to be earlier than May 15th. By that date the decision of the court of appeals may be known; but, if none shall then have been pronounced, I will consider an application to postpone the sale to a later day, without binding myself now either to grant or refuse the application.

2. Concerning the complainant's motion to insert in the advertisement of sale the following clause: "Neither the control of the stock, nor the right to vote the same, will vest in the purchaser until the full purchase money shall have been paid." In my opinion, this clause should not appear. Practically, the motion seeks now to amend the decree, and such an amendment the court may or may not have power to make after this lapse of time; but, conceding that the power exists, I see no sufficient reason to allow the amendment. The present pledgees of the stock and bonds are, I think, amply protected by the decree as it now stands, and the purchaser should therefore (if he so desires) be permitted to exercise the ordinary rights of ownership immediately upon the confirmation of the sale.